NORTH PLATTE LAND & WATER COMPANY, APPELLANT, v.
E. A. ARNETT ET AL., APPELLEES.

FILED MARCH 24, 1911.   No. 16,293.

1. Landlord and Tenant: LEASE: IMPLIED COVENANTS. The owner of
   semiarid land, by executing a contract of lease therefor and grant-
   ing the right to use an appurtenant water privilege, impliedly
   covenants that he will do nothing to interfere with the tenant's
   quiet enjoyment of the real estate or of the water privilege during
   the term.

2. ———: ———: WITHHOLDING WATER RIGHTS: LIABILITY. And in
   such a case, if the landlord controls the ditch which is the source
   of supply for the leased premises, and without just cause will not
   permit water to flow into the main lateral which feeds the lateral
   extending to the leased land, he is liable to the tenant for result-
   ing damages.

3. ———: ———: ACTION FOR BREACH OF COVENANT: INSTRUCTIONS.
   And if, in an action between the landlord and tenant, the evidence
   is undisputed concerning the contract of lease, the landlord's
   wrongful conduct and the resulting damages, and a verdict in the
   tenant's favor responding to the issues is amply sustained by the
   evidence, the judgment should not be set aside because the court
   submitted the contract to the jury for their construction.

APPEAL from the district court for Lincoln county:
HANSON M. GRIMES, JUDGE. *Affirmed.*

*J. G. Beeler,* for appellant.

*Wilcox & Halligan, contra.*

ROOT, J.

This is an action upon two promissory notes. The
defendants prevailed, and the plaintiff appeals.

The notes were executed in consideration for a contract
of lease for a tract of semiarid land served by an irriga-
tion system which is owned by the North Platte Irrigation
& Land Company, a corporation. The lease also gave the
defendant ·E. A. Arnett, the tenant, "permission to use
one and one-half water right contract North Platte canal;

subject, however, to the exact terms and conditions of the water contract for said premises." The defendants pleaded that the land was leased for agricultural purposes, and was useless for that purpose unless irrigated; that the plaintiff controlled the irrigation canal, and, although there was an abundance of water therein, the landlord without cause wilfully and negligently failed to furnish water for the tenant's use. Damages exceeding the amount of the notes were demanded.

The plaintiff admits in its reply that there was an abundance of water in the river and in the main canal, and the testimony is undisputed on this point. It was the duty of the ditch rider to turn water into the laterals, and he was under the plaintiff's control during those seasons. The evidence is without conflict that repeated requests made by the tenant to the ditch rider for water during the irrigation seasons and complaints made to the plaintiff's superintendent were unheeded, and practically no water was available for the leased land, and that, by reason of the premises, his growing crops were stunted and seriously injured. The defendants were not in default, and no cause is shown or excuse given for the plaintiff's conduct. The jury evidently allowed the defendants damages to the extent of the notes.

The plaintiff's brief is principally devoted to a discussion of the alleged error resulting from an instruction which submits the construction of the contract of lease to the jury. The contract should have been construed by the court, but it does not follow that its failure to do so is prejudicial error. The testimony adduced by the defendants is practically undisputed, and discloses that the plaintiff should not recover. Without the exercise of the water privilege which is appurtenant to the land, crops could not be successfully grown upon the leased premises. When the landlord leased the land with the privilege of the water right, it impliedly agreed that, so far as it was concerned, the tenant should not be disturbed in the quiet enjoyment of the premises, including the use of

the water privilege. *Herpolsheimer v. Funke,* 1 Neb. (Unof.) 471; *Kitchen Bros. Hotel Co. v. Philbin,* 2 Neb. (Unof.) 340.

Since the plaintiff controlled the canal and the headgates through which the water must have been conducted into the lateral for the tenant's use, and since the plaintiff would not permit water to flow therein, the tenant was as much interrupted in the quiet enjoyment of the privilege for which he had paid as though the plaintiff had ejected him from the land. The penalty imposed by the verdict for this gross abuse of power is responsive to the issues, and is no more than compensatory for the injuries inflicted. So, upon the entire record, the error is not prejudicial to the plaintiff.

The judgment of the district court is

AFFIRMED.